```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3
     UNITED STATES OF AMERICA,     ) CR 16-00787-SOM-1
 4                                 )
                    Plaintiff,     ) Honolulu, Hawaii
 5          vs.                    ) December 16, 2016
                                   )
 6                                 ) CHANGE OF PLEA
     NIALL SILVA,                  )
 7                                 )
                    Defendant.     )
 8   _____)

 9
                     TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE KEVIN S.C. CHANG
                 UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Government:      MICHAEL WHEAT
                              Office of the United States Attorney
14                            Trial Division
                              8801 Front Street, Room 6293
15                            San Diego, CA 92101

16   For the Defendant:      WILLIAM A. HARRISON
                             Harrison & Matsuoka
17                           Davies Pacific Center
                             841 Bishop St Suite 800
18                           Honolulu, HI 96813

19   Official Court Reporter:  Debra Read, CSR CRR RMR RDR
                               United States District Court
20                             300 Ala Moana Boulevard
                               Honolulu, Hawaii 96850
21                             readit3949@gmail.com

22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT)
```

UNITED STATES DISTRICT COURT

1   FRIDAY, DECEMBER 16, 2016                          9:18 A.M.

2           THE COURT:  Mr. Silva, is it your intention this

3   morning to plead guilty to the charge contained in the

4   complaint?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Before I can accept your guilty plea, I

7   must know that you understand what you're doing; that you're

8   pleading guilty freely and voluntarily; that there is a factual

9   basis for your plea; that the ends of justice would be met to

10  allow you to make such a plea.  To make these determination I'm

11  going to ask you some questions.  If you do not understand any

12  of the words of the question, will you please say so?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  All right.  Would you administer the

15  oath.

16          THE COURTROOM MANAGER:  Sorry, Judge.  The mics are

17  not -- but it's recording.

18      (Defendant sworn.)

19          THE COURT:  Mr. Silva, what is your full name?

20          THE DEFENDANT:  Niall John Ken Silva.

21          THE COURT:  And how old are you?

22          THE DEFENDANT:  Fifty-two.

23          THE COURT:  And how far did you go in school?

24          THE DEFENDANT:  High school and some college.

25          THE COURT:  Have you taken any medication, alcohol,

1    or drugs of any kind today?

2              THE DEFENDANT:  Just my inhaler for asthma.

3              THE COURT:  And that's prescribed to you?

4              THE DEFENDANT:  Yeah, prescription only.

5              THE COURT:  Do you feel well and alert?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  You understand what is going on?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Have you been treated recently for any

10   mental illness or addiction to narcotic drugs of any kind?

11             THE DEFENDANT:  No, sir.

12             THE COURT:  Mr. Harrison, to the best of your

13   knowledge is the defendant fully competent to enter a valid

14   plea today?

15             MR. HARRISON:  Yes, Your Honor.

16             THE COURT:  The court finds that the defendant is

17   fully confident and capable of entering an informed plea.

18        Mr. Silva, if you choose to enter a guilty plea in this

19   case, you have a right to enter that plea before a United

20   States District Judge.  If you consent, however, you may enter

21   your guilty plea before me, a United States Magistrate Judge.

22        If you enter a guilty plea here today, Judge Mollway would

23   impose sentence at a later hearing.  You understand that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  I have before me a document entitled

1    Consent to Rule 11 Plea in a Felony Case Before United States

2    Magistrate Judge.

3         Mr. Silva, did you sign this document?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Is it your wish to consent to enter your

6    plea before me, a magistrate judge, and to give up or waive

7    your right to enter that plea before a United States District

8    Judge?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  All right.  Mr. Harrison, have you

11   discussed the consent form with your client?

12             MR. WHEAT:  I have, Your Honor.

13             THE COURT:  You satisfied that he understands it?

14             MR. WHEAT:  I am.

15             THE COURT:  And you've also signed the document?

16             MR. WHEAT:  I did.

17             THE COURT:  The court finds that the defendant has

18   consented to enter his plea before a United States Magistrate

19   Judge.

20        Mr. Silva, have you received a copy of the information

21   pending against you, that is, the written charge made against

22   you in this case?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Have you discussed the charge and all of

25   the facts surrounding the charge with Mr. Harrison, your

1   attorney?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Are you fully satisfied with the legal

4   representation that you've received from Mr. Harrison, your

5   attorney?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Mr. Harrison, is the defendant's guilty

8   plea before the court today pursuant to your advice and

9   recommendation?

10           MR. HARRISON:  It is, Your Honor.

11           THE COURT:  Mr. Silva, you have a constitutional

12   right to require that a group of citizens called a grand jury

13   review the case and determine whether the United States

14   presents sufficient evidence to bring charges against you.  If

15   the grand jury finds the evidence sufficient, it returns

16   charges in the form of what's called an indictment.

17       If the grand jurors do not find probable cause to believe

18   that you committed the crime with which you are charged, you

19   would not be indicted.

20       If you waive indictment by the grand jury, the case will

21   proceed against you on United States Attorney's information

22   just as though you had been indicted.

23            Do you understand your right to grand jury review of this

24   case?

25           THE DEFENDANT:  Yes.

 1              THE COURT:  Do you wish to waive your right to a

 2    indictment and agree to proceed on the charge as stated in the

 3    information?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  I have before me a document entitled

 6    Waiver of Indictment.  Have you read and signed this document?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Mr. Harrison, have you discussed the

 9    Waiver of Indictment with your counsel -- with your client?

10              MR. HARRISON:  I have, Your Honor, yes.

11              THE COURT:  Are you satisfied that he understands

12    it?

13              MR. HARRISON:  Yes, Your Honor.

14              THE COURT:  The court finds that the defendant has

15    knowingly and voluntarily waived his right to grand jury review

16    and indictment in this case and therefore will execute the

17    Waiver of Indictment.

18         Mr. Silva, the court's been furnished with a written plea

19    agreement.  Is this your signature on the last page?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Did you have an opportunity to read and

22    discuss the plea agreement with your lawyer before you signed

23    it?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Do you understand the terms of the plea

1    agreement?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Does the plea agreement cover every

4    aspect of the agreement that you have with the government in

5    this case?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Has anyone made any other or different

8    promise or assurance of any kind to an effort to get you to

9    plead guilty?

10               THE DEFENDANT:  No.

11               THE COURT:  Has anyone attempted to force you to

12   plead guilty or repress you or threaten you in any way?

13               THE DEFENDANT:  No.

14               THE COURT:  Mr. Wheat, would you summarize the major

15   terms of the plea agreement?

16               MR. WHEAT:  Your Honor, the defendant has agreed to

17   waive indictment in this case and plead guilty to an

18   information charging him with conspiracy.  Basic terms of the

19   plea agreement are that he will plead to that charge and the

20   United States will recommend the guidelines that are set forth

21   in the plea agreement.

22               THE COURT:  Is there a waiver of appeal provision?

23               MR. WHEAT:  Yes, and there's also a waiver of

24   appeal.  I'm sorry, Your Honor, correct.

25               THE COURT:  And there's a cooperation provision?

UNITED STATES DISTRICT COURT

1            MR. WHEAT:  Yes.

2            THE COURT:  All right.  Mr. Silva, does that

3    accurately summarize your agreement with the government in this

4    case?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand that you are waiving

7    and giving up all of your rights to appeal except for two

8    situations:  first, if Judge Mollway imposes a sentence above

9    the advisory sentencing guidelines, and second, in the event of

10   ineffective assistance of counsel?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you fully understand the charge

13   covered by the plea agreement?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Mr. Wheat, what are the maximum possible

16   penalties for each of the --

17           MR. WHEAT:  Your Honor, if the case were to go to

18   trial, the defendant would be facing maximum of five years in

19   custody, a $250,000 fine, a $100 special assessment, and up to

20   3 years of supervised release.

21           THE COURT:  Mr. Harrison, do you agree with that

22   summary as to the possible penalties?

23           MR. HARRISON:  I do, Your Honor.

24           THE COURT:  Mr. Silva, do you understand that these

25   are the possible penalties you face if you enter a guilty plea

1   to the charge in this case?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  During a period of supervised release,

4   you must comply with a set of conditions which will be

5   explained to you by a probation officer.  Those conditions will

6   include requirements that you obey the law, that you report as

7   required to the probation officer and other conditions.  If the

8   court finds that you violated any of these conditions, you

9   could be required to serve additional prison time.

10         Do you understand that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Are you presently on probation, parole,

13  or supervised release from any other case?

14         THE DEFENDANT:  No.

15         THE COURT:  Mr. Wheat, does the United States

16  contend that any felony offense to which the defendant is today

17  pleading guilty occurred while he was released on bond in

18  relation to some other federal criminal case?

19         MR. WHEAT:  I do not, Your Honor.

20         THE COURT:  Does that case involve possible

21  restitution or forfeiture, Mr. Wheat?

22         MR. WHEAT:  Uhm, potentially.

23         THE COURT:  And that would be in the nature of?

24         MR. WHEAT:  Potentially some forfeiture, but that

25  has been -- that has yet to be determined at this stage.

1           THE COURT:  And if there was to be forfeiture, it

2    would be the subject of a separate civil action?

3           MR. WHEAT:  That's correct.

4           THE COURT:  Mr. Harrison?

5           MR. HARRISON:  Well, Your Honor, I don't know of any

6    forfeiture matters at this point, so I can't speak to that

7    issue.  I don't believe there's any forfeiture issues in this

8    matter.

9           THE COURT:  All right.  Mr. Silva, if you were

10   convicted of the charge in this case, you may lose valuable

11   civil rights including the right to vote, the right to hold

12   public office, the right to serve on a jury, and the right to

13   possess any kind of a firearm.

14       Do you understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  The United States Sentencing Commission

17   has issued guidelines for judges to use in determining the

18   sentence in a criminal case.  While judges are not bound to

19   apply the guidelines, judges must consult the guidelines and

20   take them into account in determining a sentence.

21       Have you and your attorney talked about how the guidelines

22   might apply to your case?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Do you understand that the court will

25   not be able to determine the advisory guideline sentence for

1    your case until after the presentence report has been completed

2    and you and the government have had an opportunity to challenge

3    the reported facts and the application of the guidelines

4    recommended by the probation officer, and that the sentence

5    imposed may be different from any estimate your attorney may

6    have given you?

7               THE DEFENDANT:  Yes.

8               THE COURT:  Do you also understand that after your

9    felony guideline range has been determined, the court has the

10   discretion and authority to depart from the guidelines and to

11   impose a sentence that is more severe or less severe than the

12   sentence indicated in the advisory sentencing guideline range?

13              THE DEFENDANT:  Yes.

14              THE COURT:  Do you understand that Judge Mollway

15   will also determine your sentence based on admissions that you

16   make at this hearing?

17              THE DEFENDANT:  Yes.

18              THE COURT:  Do you understand that you do not have

19   to admit to factual matters in dispute, but if you do admit

20   certain facts at this hearing, Judge Mollway will rely on your

21   admissions at the time of sentencing and that your admissions

22   may increase your sentence?

23              THE DEFENDANT:  Yes.

24              THE COURT:  If the sentence is more severe than you

25   expected, you will still be bound by your plea.  Even if you do

1   not like the sentence imposed by the court, you will not be

2   able to withdraw your plea.  The time to make that decision is

3   now.

4        Do you understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Parole has been abolished.  If you are

7   sentenced to prison, you will not be released on parole.

8        Do you understand that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Mr. Silva, you have a right to plead not

11  guilty to any offense charged against you and to persist in

12  that plea.  You would then have a right to trial by jury.

13       During that trial you would have the right to assistance

14  of counsel for your defense, the right to see and hear all the

15  witnesses and to have your attorney cross-examine them, the

16  right to testify yourself or to decline to testify and remain

17  silent, and the right to have the court issue subpoenas for any

18  witnesses you wish to call in your defense.

19       At trial you would be presumed to be innocent and the

20  United States would have the burden of proving that you're

21  guilty beyond a reasonable doubt.

22       Before you can be convicted, all 12 jurors must be

23  convinced that the government has met that burden.  If you are

24  found guilty after trial, you would have the right to appeal

25  that conviction to a higher court.  And if you could not afford

1    to pay the cost of an appeal, the government would pay those

2    costs for you.

3           Do you understand that you have all of these rights?

4                THE DEFENDANT:  Yes.

5                THE COURT:  If you plead guilty, however, and if the

6    court accepts that plea, there will be no trial.  You will be

7    waiving or giving up your right to trial and all of the other

8    rights I've described.

9           Do you understand that?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Also, so long as you plead not guilty,

12   you have the right to remain silent.  But if you plead guilty

13   or are waiving that right, I will ask you questions about what

14   occurred and you must answer those questions truthfully under

15   oath even if your answers establish that you committed a crime.

16          Do you understand that?

17               THE DEFENDANT:  Yes.

18               THE COURT:  All right.  Mr. Wheat, would you

19   summarize for the court and the defendant the essential

20   elements which the government would be required to approve if

21   there was a trial on the charge?

22               MR. WHEAT:  Your Honor, the special elements are

23   stated in paragraph 1 of the plea agreement at page 2.  There

24   are 3 elements:  1, There was an agreement between two or more

25   persons to commit an offense against the United States, that

1    is, to obstruct justice in violation of Title 18 United States

2    Code Section 1512(c) and 1519, and to make false statements in

3    violation of Title 18 United States Code Section 1001.

4         The second element, defendant became a member of the

5    conspiracy knowing of at least one of its objects and intending

6    to help accomplish it.

7         And finally element 3, one of the members of the

8    conspiracy performed at least one overt act for the purpose of

9    carrying out the conspiracy.

10             THE COURT:  Mr. Harrison, do you disagree in any

11   respect with that summary as to the essential elements?

12             MR. HARRISON:  No, Your Honor.

13             THE COURT:  Mr. Silva, do you fully understand that

14   if there was a trial on the charge, United States would be

15   required to present evidence sufficient to prove each of these

16   essential elements beyond a reasonable doubt?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Mr. Silva, the plea agreement includes a

19   written summary of facts specifically beginning at paragraph 8

20   on page 4 and continuing on to page 7.  Have you read carefully

21   through that statement of facts?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Are those facts all true in every

24   respect?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Would you tell me in your own words what

2    you did that constitutes the crime charged against you in this

3    case?

4          THE DEFENDANT:  I received information from another

5    officer and I documented it and I submitted it for the case,

6    the initial case.  And that information turned out to be false.

7          THE COURT:  Mr. Silva, what I'm going to do -- I'm

8    sorry.  Go ahead, Mr. Silva.

9          THE DEFENDANT:  And when I went into the court, I

10   attested to that document at a later time.

11         THE COURT:  Mr. Silva, what I'm going to ask

12   Mr. Wheat to do is to make a proffer of what he believes he

13   would be able to prove if the case were to go to trial against

14   you.  I want you to listen to what he tells me because when

15   he's finished, I'm going to ask you whether you heard what he

16   said and whether what he said about you and your conduct is

17   true.  Okay?

18      Mr. Wheat, the government's proffer?

19         MR. WHEAT:  Your Honor, if this matter were to go to

20   trial, the United States would be able to prove beyond a

21   reasonable doubt the following facts, and this is a summary of

22   the facts stated in the plea agreement:  that on June 22nd of

23   2013, Mr. Silva was employed as a Honolulu Police Department

24   assigned to the Criminal Intelligence Unit, and on that day he

25   received information from other police officers to go to a

1  police headquarters where he then was given a hard drive that

2  was retrieved from a surveillance system at a residence in

3  Kahala.  At that time Mr. Silva agreed that he would state that

4  he was the person who had gone to the residence in Kahala that

5  morning at 8:59 A.M., checked out the surveillance system, made

6  sure it was operational and that it was recording, and that he

7  then retrieved the hard drive and brought it back to the police

8  station where he then performed certain acts to it.

9       In reality, Mr. Silva did not do those acts and went to

10  the police station, retrieved the hard drive from another

11  officer, a co-conspirator, and at that time took excerpts or

12  cuts from that hard drive.

13       He then stored that hard drive in his desk and did not

14  place it into evidence until about a week later.  He was then

15  interviewed by postal authorities and stated that he had in

16  fact retrieved the hard drive at the residence when that was

17  not true.

18       He then ultimately ended up testifying here in the United

19  States District Court in December of 2014 that he had gone to

20  the residence and retrieved the hard drive, which was false.

21  He stated that he had -- he completed reports to that effect,

22  that he had tested the system and that he was the source for

23  that information.

24       He entered into that agreement knowing that he was not the

25  person who had performed those acts and testified falsely in

1    the United States District Court.

2        After that, he was interviewed by other officers and

3    federal officials and provided the same false statement to them

4    that he had provided in court.

5            THE COURT:  Mr. Silva, did you hear what Mr. Wheat

6    just told me?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Is what he said about you and your

9    conduct all true?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Mr. Wheat, are you satisfied?

12           MR. WHEAT:  United States is satisfied.

13           THE COURT:  Mr. Silva, if you plead guilty, the

14   court will order that a presentence report be prepared.  The

15   sentencing judge will decide whether or not to accept the plea

16   agreement based in part upon the contents of the presentence

17   report.  If the court decides to reject the plea agreement, you

18   would then have an opportunity to withdraw your guilty plea and

19   change it to not guilty.

20       Do you understand that?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  All right.  Mr. Silva, how do you now

23   plead then to the charge in Count 1 of the information filed on

24   December 9, 2016?  Guilty or not guilty?

25           THE DEFENDANT:  Guilty, sir.

1          THE COURT:  Mr. Harrison, are you aware of any

2     reason why the court should not accept the defendant's guilty

3     plea?

4          MR. HARRISON:  No, Your Honor.

5          THE COURT:  The court finds that the defendant is

6     fully competent and capable of entering an informed plea; that

7     his plea of guilty is knowing and voluntary and supported by an

8     independent basis in fact containing each of the essential

9     elements of the offense.

10         I'm therefore signing the report and recommendation

11    concerning plea of guilty.  Subject to the court's

12    consideration of the plea agreement pursuant to Rule 11(c)(3)

13    of the Federal Rules of Criminal Procedure, I recommend that

14    the defendant be adjudged guilty and have sentence imposed.

15    Objections to this report and recommendation are waived unless

16    filed and served within 14 days.

17         Mr. Silva, I'm ordering our Probation Department to

18    prepare a presentence report in this case.  This is a document

19    about you and your case which will assist the judge in

20    determining your sentence.  The probation officer will

21    interview you.  If you wish, your attorney may be present at

22    that interview.  You and your attorney will have an opportunity

23    to read the report before sentencing and to file written

24    objections to its contents.  You and your attorney will also

25    have an opportunity to address the judge at the hearing before

1    the judge imposes sentence.

2        Date and time.

3            THE COURTROOM MANAGER:  April 3rd, 2017, at 1:30

4    P.M. before Judge Mollway.

5            THE COURT:  Mr. Harrison, I have a report from

6    Pretrial Services.

7            MR. WHEAT:  Yes, Your Honor.  Both my client and I

8    have reviewed the report.  We concur in the recommendations.

9    Mr. Silva has no prior criminal history, he's gainfully

10   employed, and as indicated, he's taken full responsibility for

11   his -- for these matters.

12           THE COURT:  Mr. Wheat?

13           MR. WHEAT:  Your Honor, I've had an opportunity to

14   read the report prepared by Pretrial Services and I also would

15   concur.  I think those conditions are appropriate for his

16   release in this matter.

17           THE COURT:  The court then taking judicial notice of

18   the information and documents on file in this criminal number,

19   the report prepared by Pretrial Services, and having considered

20   the comments of counsel, based on the information presented the

21   court finds that there are conditions which exist which would

22   reasonably assure the appearance of the defendant and the

23   safety of any other person in the community and therefore, the

24   defendant, Niall Silva, may be released on the following terms

25   and conditions:

1          First, he post an unsecured bond in the amount of $25,000.

2          He must comply with Pretrial Services supervision and

3    abide by all conditions of release as directed by Pretrial

4    Services.

5          He is required to inform Pretrial Services within 24 hours

6    of any contact with law enforcement, including, but not limited

7    to, any arrest, questioning, or traffic stop.

8          He's not to apply for or to obtain a passport.

9          His travel is restricted to the state of Hawaii.

10          He is to have no contact, direct, indirect, or through

11    third parties with any co-defendants, co-conspirators, or

12    witnesses in this or any related case.

13          The United States Attorney's Office will provide Pretrial

14    Services with initial and updated lists of names of persons

15    with whom the defendant's contact is prohibited.

16          He is prohibited from owning, possessing, or controlling

17    any firearm or ammunition.  He must immediately surrender all

18    firearms and ammunition to an agent approved by Pretrial

19    Services.

20          In conjunction with the Ho'okele program, the court

21    authorizes the defendant to participate in voluntary stress and

22    anxiety counseling arranged by Pretrial Services.

23          Finally, he must not commit any offense in violation of

24    federal, state, or local law while on release.  He must appear

25    at all proceedings as required and surrender for service of any

1      sentence imposed as directed.

2           He must also cooperate in the collection of a DNA sample.

3      It is authorized by 42 United States Code Section 14135(a).

4           Mr. Silva, you understand you must follow and comply with

5      each and every one of the conditions I stated this morning?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Violation of any one condition may

8      result in the termination of your release and may expose you to

9      sanctions in a separate criminal charge.

10          I'll direct the defendant to the marshal's service for

11     processing of documents and in accordance with the terms and

12     conditions of his release as stated this morning.

13          Mr. Wheat, anything further?

14               MR. WHEAT:  Nothing further, Your Honor.  Thank you.

15               THE COURT:  Mr. Harrison, anything further?

16               MR. HARRISON:  No, Your Honor.  Thank you.

17               THE COURT:  We'll be in recess.  Thank you very

18     much.

19               MR. WHEAT:  Thank you, Your Honor.

20               (Proceedings concluded at 9:40 A.M.)

21

22

23

24

25

```
 1                    TRANSCRIBER'S CERTIFICATE

 2

 3          I, DEBRA READ, court approved transcriber, United

 4   States District Court, District of Hawaii, do hereby certify

 5   that the foregoing is a correct transcript from the official

 6   electronic sound recording of the proceedings in the

 7   above-entitled matter and that the transcript page format is in

 8   conformance with the regulations of the Judicial Conference of

 9   the United States.

10
            DATED at Honolulu, Hawaii, December 20, 2016.
11

12
                       /s/ Debra Read
13
                  DEBRA READ, CSR CRR RMR RDR
14

15

16

17

18

19

20

21

22

23

24

25
```

**UNITED STATES DISTRICT COURT**