# SEALED
## BY ORDER OF THE COURT

<u>WARNING: THIS DOCUMENT FILED UNDER SEAL</u>
<u>PURSUANT TO CRIMINAL LOCAL RULE 32(j)</u>

JEFFREY A. ROSEN
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jan 05, 2021, 3:45 pm
Michelle Rynne, Clerk of Court

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>NIALL SILVA,<br><br>              Defendant. | CR. No. 16-00787-JMS-WRP<br><br>UNITED STATES' MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM; CERTIFICATE OF SERVICE<br><br>**UNDER SEAL** |

<u>UNITED STATES' MOTION FOR DOWNWARD DEPARTURE</u>
<u>AND SENTENCING MEMORANDUM</u>

Pursuant to United States Sentencing Guidelines section 5K1.1, the United

States moves this court for a downward departure in the sentencing of Defendant

Niall Silva ("Silva" or "Defendant") on the grounds that he has provided substantial

assistance in the investigation and prosecution of others. Defendant is awaiting sentencing following his guilty plea to an Information charging him with conspiracy to obstruct an official proceeding, obstruct an official investigation, and make false statements, in violation of Title 18, U.S.C., Section 371. Defendant has been under pre-trial supervision, without incident, for the last four years. As calculated by the parties under the terms of the plea agreement, Defendant faces an advisory guideline sentencing range of 27 to 33 months (adjusted offense level 18; criminal history category I). For the reasons set forth below, and considering the factors listed in U.S.S.G. § 5K1.1(a) and 18 U.S.C. § 3553(a), the United States recommends a sentence of two years' probation, with a term of home detention of ten months, a $5,000 fine, and community service requirements.

I

## BACKGROUND

The Court is familiar with the background facts involving Silva's involvement in the conspiracy to frame Gerard Puana. These facts are also set forth in detail in the presentence report. In short, Silva lied multiple times, in multiple venues—including under oath—to lay the foundation for a false version of events surrounding the "theft" of the Kealoha's mailbox. Silva also created a false report stating that he retrieved the hard drive containing video footage of the "theft" from the Kealohas' residence.

In late 2015, the Federal Bureau of Investigation and the Department of Justice began a grand jury investigation surrounding the alleged theft of the Kealohas' mailbox. Silva was subpoenaed, and when he appeared before the grand jury, he repeated the lies about who and when the hard drive was retrieved. During the review of the Kealohas' finances, numerous checks for "cash" were investigated. One of these checks, for $500, was cashed by Silva shortly after the Puana trial. This discovery caused a review of Silva's finances and ultimately the discovery that he was at a bank during the time he claimed he was recovering the hard drive. When confronted by the FBI with these facts, Silva admitted he had lied in his report, in his trial testimony, to the FBI (when previously interviewed), and before the grand jury.

In December 2016, Silva pleaded guilty to a single-count Information charging him with Conspiracy, in violation of 18 U.S.C. § 371. Silva admitted that he did not retrieve the pivotal surveillance video from the Kealoha residence and that he conspired with others, including Derek Hahn and Bobby Nguyen, to falsify the HPD report stating the opposite.

As part of his guilty plea, Defendant agreed to cooperate with the United States' investigation, which included interviewing multiple times with the FBI and testifying at length at trial. In recognition of his substantial assistance, the United States now moves for a downward departure.

## II

## DEFENDANT'S SUBSTANTIAL ASSISTANCE

Guidelines section 5K1.1 sets forth several non-exhaustive factors the Court may consider when determining the extent of a substantial assistance departure. The United States addresses several relevant factors here.

1. *Nature, Extent, Significance and Usefulness of Defendant's Assistance*

Despite providing false information to agents prior to his guilty plea, Silva took an important step of being the first conspirator to admit his crime and accept responsibility for his role in framing Gerard Puana for a crime he did not commit. Silva pleaded guilty and admitted his role in the conspiracy. After his plea of guilty, Silva met with agents and prosecutors on several occasions and provided significant information about the conspiracy under the protection of a cooperation agreement. He admitted he joined the conspiracy when he arrived at HPD and agreed to falsify a report stating that Silva, rather than Nguyen, retrieved the hard drive. Silva admitted he compounded these false statements by reiterating them to federal investigators (both the USPIS and FBI) and by testifying falsely during Gerard Puana's federal criminal trial in 2014.

Because Silva was the first conspirator to admit his wrongdoing, his cooperation greatly assisted the United States in uncovering the crimes committed by the Kealohas, Hahn, and Nguyen. Once the truth of his involvement was known—

primarily the fact that he was not present at the Kealohas' home the morning after the "theft"—other pieces and players of the conspiracy became apparent. Silva's information was also significant in identifying statements made and directions given by Hahn and Nguyen as it related to their criminal conduct. Without that information, United States may not have discovered that the report written by Silva was false, or that the surveillance video was actually retrieved by Nguyen, as opposed to Silva. The information also corroborated Hahn's role in directing Silva to participate in the conspiracy and falsify an HPD report.

In addition to the information provided, Silva also agreed to testify against his coconspirators at trial, which he did in June 2019. His testimony was corroborated by phone records, which included the timing and frequency of calls between the conspirators at relevant times during the conspiracy. The United States contends that Silva's testimony was candid and credible. He provided details of conversations between himself, Hahn, and Nguyen. His testimony provided an inside perspective of a conspirator and a member of HPD's "secret police" unit, CIU, who was involved in framing Gerard Puana for a crime he did not commit. Therefore, his cooperation as a whole provided substantial assistance to the United States.

2.    *Truthfulness, Completeness, and Reliability of Defendant's Assistance*

The United States believes that Silva provided complete and truthful statements during the debriefings and at trial. His statements were verified by

5

investigation by FBI agents, which corroboration included: HPD records, phone records, bank records, and other witness testimony. In addition, Silva withstood vigorous cross-examination from multiple defense attorneys and remained unimpeached.

3.    *Timeliness of Defendant's Assistance*

Silva's underlying criminal conduct occurred between June 2013 and 2016. Immediately upon agreeing to plead guilty to his crimes in 2016, after being confronted by the United States about his prior inconsistent statements, Silva agreed to cooperate with the United States, and testify against his coconspirators at trial. While Silva's cooperation did not occur immediately after the mailbox theft, the United States still considers his cooperation timely and useful to the investigation as a whole. As noted above, Silva's cooperation led to the indictment and conviction of his coconspirators.

4.    *Risk of Injury*

The United States is unaware of any injury or risk of injury associated with Defendant's cooperation. The United States does note, however, that Defendant's cooperation involved providing information and testifying against fellow law enforcement personnel, including the Chief of Police. That is a significant fact that the United States takes into account for our § 5K1.1 departure recommendation.

Based on the § 5K1.1 factors, the United States recommends an 8-level departure from the Guidelines range. This results in an adjusted offense level of 10, and a Guideline range of 6-12 months.

## III

## SENTENCING RECOMMENDATION

The PSR sets forth at length Silva's history and characteristics and other relevant sentencing facts. Taking into account the recommended § 5K1.1 departure, the factors outlined in 18 U.S.C. § 3553(a), and the period of time Silva has spent on pretrial release, the United States recommends a probationary sentence of two years, with ten months of home detention, a $5,000 fine, and community service. The United States submits this sentence is sufficient but not greater than necessary to achieve the goals of sentencing as outlined in 18 U.S.C. § 3553(a). This recommended sentence will not result in unwarranted sentencing disparity between Defendant, Derek Hahn, and Bobby Nguyen. Neither Hahn nor Nguyen accepted responsibility for their crimes, much less cooperated in the investigation. Moreover, the evidence during the "mailbox" trial demonstrated that Silva's involvement in the conspiracy was of a different – and lesser – degree than Hahn and Nguyen. In sum, the United States submits that the recommended sentence recognizes Silva's substantial assistance, reflects the seriousness of the offense, promotes respect for

the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.

IV

CONCLUSION

The United States respectfully requests that the Court sentence Defendant to two years of probation, with a ten-month term of home detention, a $5,000 fine, and community service requirements.

Dated: January 5, 2021.      Respectfully submitted,

JEFFREY A. ROSEN
Acting Attorney General

ROBERT S. BREWER, JR.
United States Attorney

MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
Special Attorneys to the Attorney General

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIALL SILVA,<br><br>Defendant. | CR. NO. 16-00787-JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Michael G. Wheat, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on the defendant by emailing a copy to defense counsel William Harrison, Esq. and U.S. Probation officer Darsie Ing-Dodson.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2021.

MICHAEL G. WHEAT